**UNITED STATES of America,**
**Plaintiff,**

v.

**Phyllis P. PECKHAM, Defendant.**

Civ. No. 29071.

United States District Court
N. D. Ohio, E. D.

Feb. 14, 1956.

Sumner Canary, U. S. Atty., Cleveland, Ohio, for plaintiff.

Frank M. Gorman, Krueger, Gorman & Davis, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

On July 31, 1943, George G. G. Peckham, deceased, made a gift of $20,000 to his daughter Phyllis P. Peckham.

It is the Government's contention that said transfer, made without consideration and while G. G. G. Peckham was hopelessly insolvent, was made with intent to defraud and that defendant holds such money in trust for unpaid income tax liability of G. G. G. Peckham for the year of transfer.

G. G. G. Peckham's income tax return for 1943 (plaintiff's Exhibit 4) shows that he declared a total income for that year in the amount of $132,377.31 upon which he paid a tax of $28,069.12. His estimated income tax and victory tax for 1943 was $30,872.54 (plaintiff's Exhibit 4). He also filed a gift tax return on the $20,000 gift as did his daughter (plaintiff's Exhibit 3).

In 1948 the Government made a deficiency assessment of $64,874.01 on Peckham's 1943 income tax return. This deficiency assessment was based on the Government's disallowance of a bad debt deduction of $74,877.09 claimed by Peckham on said return. It is to satisfy said deficiency assessment that the Government brings this action.

In the United States Tax Court the law with regard to the burden of proof of fraud is stated in 26 U.S.C. § 1112 (1939 ed.), 26 U.S.C. § 7454(a) (1954 ed.).

"§ 1112 Burden of proof in fraud cases

"In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Commissioner."

In the recent case of Kashat v. Commissioner of Internal Revenue, 229 F.2d 282, 285, the Court of Appeals for the Sixth Circuit in commenting on said section stated:

"Fraud is never presumed but must be established by clear and convincing evidence. There must be an intention to defraud."

■ While it is true that Section 1112, supra, contemplates an action before the Tax Court, the basic issue involved in this court is the same—intent to defraud the Government. And if in the Tax Court the Government is required to establish intent to defraud by clear and convincing evidence it is reasonable to conclude that the same requirement must prevail in this court. Therefore the burden is upon the Government in this case to prove G. G. G. Peckham's intent to defraud by clear and convincing evidence.

■ There can be no doubt that G. G. G. Peckham was hopelessly insolvent at the time the transfer was made. However, there is no evidence that the Government was numbered among his creditors or that he was delinquent on past taxes. The most that can be said of Peckham's insolvency is that while he defeated his creditors he never showed a similar disposition to defeat the Government. And in view of his prior ability to carry his tax burden his state of insolvency on July 31, 1943 is not in itself conclusive of his intent to defraud the Government in payment of his income tax for 1943. This was not a transfer of assets to prefer a creditor, or favor one to whom the taxpayer was financially liable; "it was not done in a corner" (i. e. secretly). The gift was without financial consideration; it was reported openly to the Government on or before March 15, 1944, as required by law.

But the Government seems to argue that Peckham knew that he was liable to the Government for 1943 income tax on income earned prior to July 31, 1943 even though that liability did not mature until March 15, 1944. And knowing this he purposely transferred $20,000 to his daughter with the intent of placing that sum beyond the reach of the Government for payment of the delinquent assessment for 1943.

It is in evidence that Peckham filed his 1943 income tax return, together with a gift tax return, on or before March 15, 1944 as required. Four years later the Commissioner disallowed a bad debt deduction claimed in said return and made a delinquent assessment which was not objected to by Peckham's estate. While an error of such magnitude is arresting, still the time taken by the Commissioner in determining the existence of said error indicates that it was a highly technical error caused by negligence or calculated dishonesty, but not clearly one or the other. So it is difficult to draw the conclusion that Peckham intentionally claimed a bad debt deduction knowing that it was not allowable. It is more difficult to conclude that Peckham intended to defraud the Government on July 31, 1943 when he gave $20,000 to his daughter.

Finally, in none of the cases cited by the Government in support of its case does it appear that the issue of fraud is directly involved as it is here. And since the Government has chosen to make fraud the issue in this case it must be bound by the stated law (supra) which requires that fraud be established by clear and convincing evidence and not presumed.

■ Accordingly, it appearing that the Government has not sustained the burden of proof of G. G. G. Peckham's intent to defraud, judgment must be rendered in favor of defendant.

Findings of fact and conclusions of law may be presented by the prevailing party for approval and adoption, together with an entry of judgment thereon.